UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY GUY RINGLE,

    Petitioner,

v.                                                                 Case No. 1:13-CV-759

MARY BERGHUIS,                                  HON. GORDON J. QUIST

    Respondent.
_____/

## **ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION**

The matter before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Ray Kent, who issued a Report and Recommendation (R & R), recommending that the Court deny Ringle's petition and deny a certificate of appealability. (ECF No. 46.) Ringle timely filed objections to the R & R. (ECF No. 49.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Ringle's habeas petition should be denied. The Court will address each of Ringle's objections in turn.

## Background

Ringle first objects to the accuracy of the facts as laid out in the Background section of the R & R. Ringle primarily argues that the sequence of events was different from what the trial court found and that the inferences to be drawn from the facts are favorable to his defense. However, the R & R accurately described the factual findings of the trial court, and those factual findings were not based on an unreasonable determination of the facts in light of the evidence presented in the state court. Thus, Ringle's objections to the Background section do not afford him any habeas relief.

## Ineffective Assistance of Appellate Counsel

Ringle argues that his state appellate counsel was ineffective for "failing to Federalize the issues." (ECF No. 49 at PageID.714.) However, Ringle fails to recognize that the magistrate judge did not just rely on procedural default, but actually addressed the merits of each of the issues raised in the petition that Ringle claims should have been raised on appeal. Because none of the issues was found to have merit, the issues could not have been "clearly stronger" than the issues that state appellate counsel did raise, and Ringle is not entitled to habeas relief on this issue.

## Withheld Evidence and False Testimony

Ringle claims that because Berghuis's response to Ringle's habeas petition failed to address an exhaustion issue, the issue is waived. However, the legal authority that Ringle cites does not stand for the proposition he proposes. Moreover, the R & R addressed the merits of Ringle's *Brady*[1] and *Giglio*[2] claims, rather than relying on Ringle's failure to exhaust his state court remedies. The Court agrees with the analysis of the magistrate judge on the merits. As the magistrate judge noted, a Rule 35 motion is not evidence of an agreement with the government.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] *Giglio v. United States*, 405 U.S. 150 (1972).

Moreover, because other witnesses, particularly Della Harris and Mitchell Messer, presented testimony about Ringle's actions and admissions, Ringle cannot show prejudice. Thus, Ringle is not entitled to habeas relief on these issues.

### Other Acts Evidence

Ringle objects to the magistrate judge's determination that even if other acts evidence was admitted improperly, Ringle is still not entitled to relief. Ringle argues that the R & R's conclusion on this issue is contrary to *Old Chief v. United States*, 519 U.S. 172 (1997). However, *Old Chief* addressed the admission of other acts evidence in the context of the Federal Rules of Evidence, not in the context of whether admission of other acts evidence could violate the Constitution. Thus, there is no clearly established federal law that admission of other acts evidence violates due process, and Ringle is not entitled to habeas relief on this issue.

### Comments on Post-Arrest Silence

Ringle argues that the prosecution commented on his post-arrest silence in violation of *Doyle v. Ohio*, 420 U.S. 610 (1976). But even if the prosecutor's question referenced Ringle's *Miranda* silence, the prosecution made a point of eliciting a response that Ringle had an absolute right not to talk to the police. Thus, the prosecution in no way exploited Ringle's post-arrest silence, and Ringle is not entitled to habeas relief on this issue.

### Evidence of Incarceration

Ringle contends that he was denied due process when the trial court admitted a booking photograph of Ringle from a detention center in Kentucky and that his trial counsel was ineffective for failing to object to testimony by Officers Spurlock and Gandy when they mentioned that Ringle had been incarcerated in various detention facilities. The first argument is subject to the same fatal flaw as the argument relating to the admission of other acts evidence above. Admission of

propensity evidence, even if improper under the rules of evidence, does not rise to the level of a due process violation that entitles Ringle to habeas relief. The second argument fares no better because, as explained in the R & R, trial counsel's conduct in not objecting to the testimony regarding Ringle's prior incarceration was not unreasonable because Della Harris had already testified to Ringle's prior incarceration. Thus, Ringle is not entitled to habeas relief on this issue.

## Confrontation Clause

Ringle argues that his right to confront witnesses against him was violated when the trial court admitted statements from an evidentiary hearing for an unavailable witness, Dallas Blankenship, and when the trial court admitted statements from the deceased victim through the testimony of Terry McClughen. In regard to Blankenship's testimony, Ringle was given the opportunity to cross-examine Blankenship at the evidentiary hearing, and thus, the state court's determination that admission of the testimony did not violate the Confrontation Clause comports with federal law. In regard to McClughen's testimony, the victim's statements to McClughen were not testimonial, and therefore, admission of those statements did not violate the Confrontation Clause. Thus, Ringle is not entitled to habeas relief on this issue.

## Ineffective Assistance of Trial Counsel and Judicial Interference

First, Ringle argues that he was denied effective assistance of counsel because the trial court's rulings on evidentiary issues and Ringle's motion for a mistrial interfered with trial counsel's ability to represent petitioner. However, the right to counsel does not guarantee favorable court rulings, so Ringle was not deprived of effective assistance of counsel through "judicial interference."

Second, Ringle argues that he was denied effective assistance of counsel because counsel failed to file an interlocutory appeal. The R & R rejects Ringle's claim because Ringle did not

4

specify in his petition any valid issues that could have been raised in an interlocutory appeal. In his objections, Ringle claims that counsel should have filed an interlocutory appeal on the denial of his motion for a mistrial. However, issues or arguments raised for the first time in objections to the R & R are deemed waived. *See* 28 U.S.C § 631 *et seq.*; *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nonetheless, Ringle's claim fails on the merits. Ringle's motion for a mistrial was based on the prosecutor's comments about Ringle's post-arrest silence. As explained above, the prosecutor did not improperly comment on post-arrest silence, but rather made it clear that Ringle had an absolute right not to speak to the police. Thus, an interlocutory appeal would have been fruitless, and Ringle's trial counsel was not ineffective for choosing not to pursue a fruitless interlocutory appeal.

Third, Ringle argues that he was denied effective assistance of counsel because trial counsel failed to locate James Harris to present as a defense witness at trial. However, as the R & R explains, counsel acted reasonably in assuming that the prosecution would locate and present James at trial because the prosecution listed James as a witness. Moreover, the R & R correctly states that Ringle was not prejudiced by any allegedly deficient performance. James's testimony that he did not remember certain incidents did not contradict testimony by his mother and brother, so there is no reasonable likelihood that his testimony would have changed the outcome of the trial.

Fourth, Ringle argues that he was denied effective assistance of counsel because counsel did not hire a firearm/ballistics expert to rebut the prosecution's expert. While Ringle specifies that an expert could have testified that a bullet from Ringle's gun would have gone all the way through the victim's head instead of being recovered from the victim's head, Ringle has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable

5

professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Furthermore, given the extensive testimony from lay and expert witnesses alike, there is no reasonable likelihood that defense expert testimony would have changed the outcome of the trial.

Fifth, Ringle argues that he was denied effective assistance of counsel because trial counsel did not discover the deal that Daniel and Kathy Shepherd had with the government. However, because the evidence Ringle cites fails to show that such a deal existed, trial counsel was not ineffective for not discovering a deal.

Sixth, Ringle argues that he was denied effective assistance of counsel because trial counsel advised him not to testify. Trial counsel was correct in advising Ringle that the government could choose to impeach Ringle by introducing evidence of his prior criminal activity if Ringle chose to testify. There was nothing objectively unreasonable about trial counsel's advice to Ringle, and thus, counsel's performance was not deficient.

Finally, Ringle argues that he was denied effective assistance of counsel because trial counsel did not object to certain statements by the prosecutor. The only objectionable statement that Ringle has identified was the prosecutor's assertion that the government was not required to prove intent to prove felony murder. But Ringle cannot show prejudice for any failure to object because the trial court instructed the jury on the elements of felony murder and because the jury found Ringle guilty of both premeditated and felony murder. Thus, Ringle is not entitled to habeas relief for an alleged denial of effective assistance of counsel.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Ringle has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

6

Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Ringle's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Ringle's claims was debatable or wrong. Thus, the Court will deny Ringle a certificate of appealability.

## Conclusion

Having reviewed all of Ringle's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the December 7, 2018, Report and Recommendation (ECF No. 46) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Ringle's habeas corpus petition (ECF No. 38) is **DENIED** for the reasons set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

A separate judgment will enter.

This case is **concluded**.

Dated: January 17, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE